UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE LUIS GONZALEZ and GERARDO
HORTA OCANA,

    Plaintiffs,

v.                                                         Case No:   6:18-cv-1294-Orl-31TBS

AGAVE METAL TRADING LLC and
MANUEL A. KEESEE,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Seal, filed August 8, 2018.[1] Plaintiffs seek leave of Court to file their complaint under seal. As grounds, they allege that an agreement which is central to their claims contains a confidentiality provision prohibiting disclosure of the agreement or its provisions (Id., at 2). Although Plaintiffs do not believe the agreement should remain confidential, they seek permission to file their complaint under seal so as to avoid any claim that they have breached the confidentiality clause in the agreement (Id.).

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, (11th Cir. 1992). Consequently, while the parties to a lawsuit "have protectable privacy interests in confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a common-law right to

---

[1] There are no citations to docket numbers in this Order because the Clerk has not assigned a docket number to the motion which is currently being held under seal.

inspect and copy the information. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985). "The filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d at 356.

The Eleventh Circuit has "superimposed a somewhat more demanding balancing

inspect and copy the information. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985). "The filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d at 356.

The Eleventh Circuit has "superimposed a somewhat more demanding balancing

of interests approach to the" good cause requirement in Rule 26(c). <u>Farnsworth v. Procter & Gamble Co.</u>, 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." <u>Romero</u>, 480 F.3d at 1246 (citation omitted).

This Court's Local Rules provide:

> (a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes:
>
> (i) an identification and description of each item proposed for sealing;
>
> (ii) the reason that filing each item is necessary;
>
> (iii) the reason that sealing each item is necessary;
>
> (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal;
>
> (v) a statement of the proposed duration of the seal; and
>
> (vi) a memorandum of legal authority supporting the seal.
>
> . . . .

> (c) Unless otherwise ordered by the Court for good cause
> shown, no order sealing any item pursuant to this section shall
> extend beyond one year, although a seal is renewable by a
> motion that complies with (b) of this rule, identifies the
> expiration of the seal, and is filed before the expiration of the
> seal.

M.D. FLA. Rule 1.09.

Plaintiffs argue that sealing is necessary to permit Plaintiffs to adequately state their claims for relief without revealing information Defendants may deem confidential (Id., at 3). They also assert that this case does not involve public officials or public concerns (Id.). After reading the complaint, including the agreement in question, the Court is not persuaded that the information in question is truly confidential so as to be entitled to the protection afforded by sealing. But, Defendants have not had an opportunity to be heard on this question and therefore, to preserve the status quo, the Court finds that the appropriate course of action is to **GRANT** the motion as follows. Plaintiffs may file their unredacted complaint **UNDER SEAL**. Within 14 days from the rendition of this Order, they shall also file a redacted version of their complaint on the public docket. Redaction shall be limited to those matters which reasonably come within the scope of the confidentiality provision in the agreement. The unredacted complaint shall remain under seal until the earlier of an order lifting the seal, or one year from the date of this Order. Any party may move the Court to extend the seal, by motion made before the current seal expires. Plaintiffs shall cause a copy of this Order to be served on each Defendant in the case. The Court may revisit the question of confidentiality on motion or *sua sponte*, once Defendants have been served and given their opportunity to appear and defend Plaintiffs' claims.

**DONE** and **ORDERED** in Orlando, Florida on August 9, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record